## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

# 05 - 11809 DPW

KRISTIN B. STAVROS,
as next friend of Jocelyn Stavros

MAGISTRATE JUDGE Alexander

v.

Civil Action No.:

DIANNA M. STAVROS,
individually and as Trustee of
the Douglas J. Stavros Revocable Trust

RECEIPT # 66610
AMOUNT $250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY.CLK. tom
DATE 9/2/05

## NOTICE OF REMOVAL

Defendant Dianna M. Stavros, by counsel and pursuant to 28 U.S.C. §§ 1332 and

1441, hereby files her Notice of Removal of the above described action to the United

States District Court for the District of Massachusetts and in support states:

1. Dianna M. Stavros is the defendant in the above-described action.

2. This action was filed in the Probate and Family Court of Middlesex County,

   Massachusetts on August 22, 2005 and a copy of the Complaint was received by

   Defendant's counsel on August 23, 2005. This Notice of Removal is therefore

   timely under 28 U.S.C. § 1441(b).

3. This is a civil action in equity seeking rescission of a trust and removal of the

   trustee.

4. The Plaintiff is now and at the time the action was commenced a citizen of the

   Commonwealth of Massachusetts. The Defendant is now and was at the time the

   action was commenced a citizen of the State of Maine. No change in citizenship

has occurred since the commencement of the action. Defendant is not a citizen of the state in which the action was brought. The amount in controversy exceeds $75,000. By reason of the diversity of citizenship of the parties, the United States District Court for the District of Massachusetts has jurisdiction pursuant to 28 U.S.C. § 1332(a).

5. A copy of all process, pleadings, and orders served upon the Defendant is filed with this Notice.

6. Defendant will give written notice of the filing of this Notice of Removal to the Plaintiff, as required by 28 U.S.C. § 1446(d).

7. A copy of this Notice of Removal will be filed with the clerk of the Probate and Family Court of the Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Dianna M. Stavros hereby removes the action now pending against her in the Probate and Family Court, Middlesex County, Massachusetts, Docket No. 05E-0109 to this Court.

Respectfully submitted,
DIANNA M. STAVROS
By her attorneys,

Michael Altman BBO # 16800
Jo Ann Citron BBO # 561164
Altman & Citron LLP
100 Franklin Street
Boston, MA 02110
617 742-2772

Date: 8/29/05

2

## CERTIFICATE OF SERVICE

I, Jo Ann Citron, certify that on this day a true copy of the within document was served upon the attorney of record for each party via first-class mail, postage pre-paid.

Date: 8/29/05

Jo Ann Citron

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX, ss                                           DOCKET NO.: 05E-

| | |
|---|---|
| KRISTIN B. STAVROS,<br>as natural guardian and next friend of<br>JOCELYN STAVROS, a minor and a beneficiary of<br>THE DOUGLAS J STAVROS<br>REVOCABLE TRUST, dated September 24, 2004<br>*Plaintiff,*<br><br>v.<br><br>DIANNA M. STAVROS, individually and as<br>Trustee of THE DOUGLAS J STAVROS<br>REVOCABLE TRUST, dated September 24, 2004<br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### VERIFIED EQUITY COMPLAINT

Plaintiff, Kristin B. Stavros, mother of and as natural guardian and next friend of Jocelyn Stavros, a minor and a beneficiary of The Douglas J. Stavros Revocable Trust dated September 24, 2004 ["the Trust"], brings this Equity Complaint seeking rescission of the Trust and the deed conveying her Tewksbury home to the Trust, due to Doug's mental and physical incapacity when he allegedly executed the Trust and deed, and undue influence on Doug by his parents and sister, Defendant Dianna M. Stavros. Plaintiff also alleges that Dianna is unsuitable to serve as successor Trustee of The Douglas J. Stavros Revocable Trust and, accordingly, seeks Dianna's removal as Trustee pursuant to M.G.L. c. 203, §12.

Kristin is the surviving spouse of Douglas J. Stavros and mother of Doug's five-year old daughter, Jocelyn. On July 28, 2005, Dianna served a "Notice to Quit" on Kristin, threatening to evict Kristin and Jocelyn from their Tewksbury home on September 1st -- the home where Doug, Kristin, and Jocelyn lived until Doug's death in January, 2005 and where Kristin and Jocelyn still reside together. Dianna claims her obligations as the purported fiduciary of Doug's Estate and as successor Trustee of the Trust require she evict Kristin and Jocelyn immediately from their home and sell the property at once. Kristin and Jocelyn have no place else to live. Dianna's Notice to Quit is no doubt in direct retaliation to Kristin's filing of an Affidavit of Objections to Dianna's petition for probate of Doug's purported September 2004 Will.

*Filed: August 22, 2005*

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the jurisdiction conferred on this Court by M.G.L. c. 215, §6, and M.G.L. c. 203, §12.

2.      Jurisdiction is proper as the Trust asset, namely the property located at 29 Mount Joy Drive, is located in the Commonwealth of Massachusetts. Although Douglas J. Stavros, the Settlor of The Douglas J. Stavros Revocable Trust purported to be a resident of New Hampshire, he was in fact domiciled in Tewksbury, Massachusetts. Probate of Douglas J. Stavros' Estate by the Defendant is pending in this Court, Docket No. 05P-1467. This Court has jurisdiction to adjudicate the parties' interests under M.G.L. c. 223A, §3, the long-arm statute. As the Trust assets are located in Massachusetts, the Settlor purposefully availed himself of the "privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958); Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979); Packard v. Packard, 34 Mass. App. Ct. 543, 548 (1993).

3.      Venue is proper under M.G.L. c. 223, §1 as the Trust asset, namely the property located at 29 Mount Joy Drive in Tewksbury is located in the Middlesex County.

## PARTIES

4.      Plaintiff, Kristin B. Stavros, is the surviving spouse of Douglas J. Stavros, the mother and natural guardian and next friend of Jocelyn Stavros. She resides at 29 Mount Joy Drive, Tewksbury, Massachusetts, 01876. Jocelyn Stavros, a minor, is the surviving daughter of Douglas J. Stavros and a beneficiary of The Douglas J. Stavros Revocable Trust, and also resides at 29 Mount Joy Drive, Tewksbury, Massachusetts, 01876 with her mother, Kristin.

5.      Defendant, Dianna M. Stavros, of Kennebunk, Maine, is purportedly the successor Trustee of The Douglas J. Stavros Revocable Trust, dated September 24, 2004.

## FACTS

6.      Kristin B. Stavros ("Kristin") and Douglas J. Stavros ("Doug") were married on November 14, 1998, and had one child together, Jocelyn Stavros, age five (5), d/o/b November

00947422

8, 1999 ("Jocelyn"). Doug had another child from a previous relationship, Nicholas Stavros, age 10, d/o/b/ November 30, 1994 ("Nicholas").

7.      Doug struggled with serious health problems throughout his entire adult life, including clinical depression, Hodgkin's lymphoma, pancreatitis, and diabetes. As a result of his using prescription medication to help ease his suffering from pancreatitis, Doug became addicted to pain killers. Consequently, he was often hospitalized and Doug spent time in drug rehabilitation treatment centers. Doug's struggles with mental and physical illness and chemical addiction made him very susceptible to influence, especially from his parents, William and Phyllis Stavros, and sister, Dianna M. Stavros ["Dianna"].

8.      Doug died in January, 2005, as the result of injuries he sustained from an accident he had while vacationing in Canada. Doug's life-long history of mental and physical illnesses made recovery from the accident very difficult, and he died after a few days in the intensive care unit of a Canadian hospital.

9.      Prior to their marriage, Kristin and Doug executed a Prenuptial Agreement, dated November 13, 1998. No one explained the terms of the agreement to Kristin and she did not have a chance to read it while Doug and his attorneys, Attorney Early and Attorney Forsley waited for her to sign at the attorneys' office just days before the wedding. The Agreement purports to maintain the Tewksbury home as Doug's separate property.

10.     Kristin did not have independent counsel to advise her on the significance of the Prenuptial Agreement, and she signed the Agreement without reading it or understanding its significance. Kristin trusted Doug not to do anything to hurt her emotionally or financially. Doug repeatedly assured Kristin the Agreement was just to protect his family business and that she would be taken care of if something happened to him.

11.     On or about September 24, 2004, Doug allegedly executed The Douglas J. Stavros Revocable Trust ("Trust"), and a Last Will and Testament ("Will"). A true and complete copy of The Douglas J. Stavros Revocable Trust is attached hereto as *Exhibit A*. Doug was the Settlor and original Trustee of the Trust. Kristin did not learn of the existence of the Trust, or Will, or

Deeds described in paragraph 12 below, or understand the meaning of the Prenuptial Agreement until after Doug's death. Kristin filed an Affidavit of Objections to the Will on June 6, 2005.

12. On or about September 24, 2004, Doug also allegedly executed a Quitclaim Deed, purportedly transferring title of Doug and Kristin's home, located at 29 Mount Joy Drive, Tewksbury, Massachusetts, to Douglas J. Stavros, Trustee of The Douglas J. Stavros Revocable Trust, recorded at the Middlesex County Registry of Deeds at Book 17918, Page 264 ("Tewksbury Deed"). A copy of the Tewksbury Deed is attached hereto as *Exhibit B*. Doug also allegedly executed a Quitclaim Deed, purportedly transferring title of Doug and Kristin's vacation home, located at 218 River Street, Ashland, New Hampshire, recorded at the Grafton County Registry of Deeds at Book 3056, Page 0449 to the Trust ("New Hampshire Deed").

13. The circumstances of the execution of the Trust, Will and the Tewksbury and New Hampshire Deeds are suspect. Kristin believes the alleged execution of the documents was a product of Doug's lack of mental and physical incapacity and of his parents' and Dianna's exercise of undue influence over him. In September of 2004, when Doug allegedly executed the Trust, the Tewksbury and New Hampshire Deeds, and Will, he was suffering from clinical depression and the physically debilitating effects of diabetes, Hodgkin's lymphoma, pancreatitis, and consequently Kristin believes he was incompetent to execute the documents and very susceptible to undue influence.

14. William and Phyllis made decisions for Doug throughout his adult life, and Kristin believes they were heavily involved in his financial affairs because they planned for him to take over the family business, a local canteen in Tewksbury called Auto Snack Caterers, Inc. It is Kristin's contention that Doug relied on and depended on his parents for financial advice and management of his financial affairs.

15. At the time Doug allegedly executed the documents referenced in paragraphs 11 and 12 above, his father was set to transfer ownership of the family business to Doug, something Doug had worked hard for and been promised as a reward for his hard work for the business all his adult life.

16.    The Douglas J. Stavros Revocable Trust provides, among other things, that "Upon the disability or death of the original Trustee then Dianna Marie Stavros shall serve as successor Trustee."

17.    Upon his death, Doug had two surviving children, Jocelyn and Nicholas. The Douglas J. Stavros Revocable Trust provides that on the death of Douglas J. Stavros, "the Trustee shall divide the then remaining Trust property into two shares; one (1) share consisting of 75% for Nicholas Stavros and one (1) share consisting of 25% for Jocelyn Stavros....if a beneficiary is under the age of twenty-five (25) years, the Trustee shall hold and use such share for the beneficiary's benefit..." *Exhibit A*, at Article I, Paragraph C. The Trust does not require or even suggest that the Successor Trustee is obligated to <u>sell</u> or dispose of the Trust assets immediately upon Doug's death.

18.    In April, 2005, Dianna sold Doug and Kristin's Ashland, New Hampshire vacation home with no advance notice to Kristin or Jocelyn. Kristin learned the house was on the market when the listing realtor called and told her. Dianna showed the home in open houses, all without Kristin's knowledge, even though Kristin and Jocelyn still had many personal belongings in the house. Kristin and Jocelyn had one week to pack their belongings before the closing, scheduled by Dianna.

19.    On or about July 28, 2005, counsel for Dianna sent what purports to be a "Notice to Quit" to counsel for Kristin, demanding that Kristin, and effectively, Kristin and Doug's minor daughter, Jocelyn, vacate their Tewksbury home on or before September 1, 2005. Kristin and Jocelyn have no place to go if Dianna attempts to move forward on an eviction. A copy of the "Notice to Quit" is attached hereto as *Exhibit C.*

## COUNT I – RECISSION OF TRUST AND DEED DUE TO

## MENTAL AND PHYSICAL INCAPACITY AND UNDUE INFLUENCE

20.    Plaintiff hereby repeats and incorporates the averments in paragraphs 1 – 19 above.

21.    On the date of the alleged execution of The Douglas J. Stavros Revocable Trust and Tewksbury Deed on September 24, 2004, Doug was so impaired by clinical depression, Hodgkin's lymphoma, pancreatitis, and diabetes that he could not understand the legal significance of the Trust or the nature of the conveyance of the Tewksbury Home to the Trust controlled by Defendant Dianna M. Stavros, and the effects the execution of the Trust and Tewksbury Deed would have.

22.    At all relevant times, Doug suffered from clinical depression, Hodgkin's lymphoma, pancreatitis, and diabetes and was not competent to convey and did not intend to convey title to his Tewksbury Home on September 24, 2004 to the Trust.

23.    On the date of execution, Doug could not understand the Trust or the Deed that he allegedly signed.

24.    On the date of execution, Doug was susceptible to undue influence from Dianna and from his parents, William and Phyllis, who made decisions for Doug throughout his adult life. They were involved in Doug's financial affairs and he stood to take over the family's canteen business. Doug relied on and depended on his parents for financial advice and management of his financial affairs.

25.    At the time Doug allegedly executed the documents, his father was set to transfer ownership of the family business to Doug, something Doug had worked for and been promised as a reward for his hard work for the business all his adult life. Doug was susceptible to undue influence by Dianna and his parents at the time he allegedly executed the Revocable Trust and the Tewksbury Deed.

26.    By reason of the foregoing, the Revocable Trust and the Tewksbury Deed are invalid and must be rescinded.

## COUNT II - REMOVAL OF DIANNA M. STAVROS, SUCCESSOR TRUSTEE OF
## THE DOUGLAS J. STAVROS REVOCABLE TRUST PURSUANT TO M.G.L. c.203, §12

27.    Plaintiff hereby repeats and incorporates the averments in paragraphs 1 – 26 above.

28.    Dianna's attempt as Trustee to evict Kristin is a *de facto* eviction of five-year old Jocelyn, a beneficiary of the Trust and it is both adverse to the interests of a beneficiary of the Trust and a breach of Dianna's fiduciary duty as Trustee to the Trust's beneficiary. If Dianna persists in pursuing a summary process action against Kristin, she will force five-year old Jocelyn to leave the only home she has ever known.

29.    Dianna's self-interest in exercising power and control over Kristin and over Doug's assets as Trustee has become so adverse to the rights of Kristin and Doug's daughter, Jocelyn, a beneficiary of the Trust, that she is unsuitable to serve as Trustee. See Massa v. Stone, 346 Mass. 67, (1963).

30.    Kristin contends a conflict of interest was inherent between Dianna's desire to exercise power and control over Kristin and over Doug's assets and Dianna's fiduciary obligations to Kristin and Doug's daughter, Jocelyn, a beneficiary of the Trust, when Dianna served a Notice to Quit on Kristin, Jocelyn's mother.

31. Kristin contends that Dianna cannot fulfill her fiduciary obligations to Kristin's daughter, Jocelyn, a beneficiary of the Trust, due to the adversarial relationship between Dianna and Kristin, a relationship that has deteriorated exponentially by Dianna's service of the Notice to Quit. See Cooney v. Montana, 347 Mass. 29 (1964); Shear v. Gabovitch, 43 Mass. App. Ct. 650 (1997).

32.    By reason of the foregoing, Dianna is unsuitable serve as successor Trustee of the Trust and removal of Dianna as successor Trustee pursuant to M.G.L. c. 203, §12 is necessary to preserve the interests of Jocelyn, a beneficiary of the Trust, and the Court should appoint a neutral individual to fill the vacancy and to rescind the Trust.

33.    An actual controversy exits which requires this Court's determination of the rights and obligations of the parties under The Douglas J. Stavros Revocable Trust.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court enter judgment as follows:

A.  Enter a preliminary injunction enjoining and restraining Dianna M. Stavros from taking any action purportedly as successor Trustee of The Douglas J. Stavros Revocable Trust, including moving forward on a summary process action seeking to evict Kristin B. Stavros from the property located at 29 Mount Joy Drive, Tewksbury, Massachusetts, and effectively evicting Kristin and Doug's five-year old daughter, Jocelyn from her only home;

B.  Enter a declaratory judgment that pursuant to M.G.L. c. 231A that the execution of the Tewksbury Deed, and conveyance of the Tewksbury home to The Douglas J. Stavros Revocable Trust were improper and void, that The Douglas J. Stavros Revocable Trust is invalid and void, and that The Douglas J. Stavros Revocable Trust and the Tewksbury Deed are rescinded;

C.  Remove Dianna M. Stavros as successor Trustee of The Douglas J. Stavros Revocable Trust pursuant to the provisions of M.G.L. c. 203, §12;

D.  Appoint a disinterested successor Trustee, such appointment to become effective upon the removal of Dianna M. Stavros pursuant to the provisions of M.G.L. c. 203, §12;

E.  Issue a Citation for service on the Defendant by certified mail and publication pursuant to Probate Court Rule 6;

F.  Grant Plaintiff her costs and attorneys' fees from the Trust pursuant to M.G.L. c. 215, §39B;

G.  Order such other relief as the Court may deem just and equitable.

Respectfully submitted,

Plaintiff,
KRISTIN B. STAVROS,
as natural guardian and next friend of
JOCELYN STAVROS, a beneficiary of
The Douglas J. Stavros Revocable Trust

By her Attorneys, ·

Brian D. Bixby, BBO#044140
Alisa L. Hacker, BBO#655050
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110

Dated: August ☐, 2005        617-345-3000

00947422                    8

## **VERIFICATION**

The undersigned hereby states that she has read the within Verified Complaint and that the statements therein are true based on her personal knowledge, except for those stated on information, and those are true base don the information and documents available to her.

SWORN TO under the pains and penalties of perjury, this day of August _17_ , 2005.

Plaintiff,

KRISTIN B. STAVROS, as Guardian of JOCELYN STAVROS, a Minor and Beneficiary of THE DOUGLAS J. STAVROS REVOCABLE TRUST, dated September 24, 2004

Kristin B Stavros

Kristin B. Stavros

The Douglas J. Stavros Revocable Trust

DECLARATION OF TRUST made this _24th_ day of _September,_ 2004, by and between Douglas J. Stavros, of 218 River Street, Ashland, Grafton County, New Hampshire, (hereinafter called the "Settlor"), and Douglas J. Stavros , (hereinafter called the "Trustee"). This Trust may be referred to as "The Douglas J. Stavros Revocable Trust."

WHEREAS, the Settlor desires to establish this Trust which shall be governed by the laws of New Hampsire;

NOW, THEREFORE, the Trustee hereby agrees to hold any and all property received by the Trustee from the Settlor, from the Settlor's estate, as beneficiary of any insurance policy made payable to the Trustee as Trustee hereunder, or otherwise, upon the following terms and conditions:

ARTICLE I: Distribution of Income and Principal.

A.    The Trustee may pay or apply all or any portion of the net income of the Trust to or for the benefit of Douglas J. Stavros in such amount and proportions as the Trustee may in his sole discretion deem necessary or appropriate. In addition, the Trustee may pay to or apply for the benefit of the Settlor such amounts from the principal of the Trust estate, up to the whole of it, as the Trustee may in his sole discretion deems necessary or advisable, or as the Settlor may request in writing, for the use and benefit of Settlor or the Settlor's children;

B.    To the extent that the Settlor's probate estate has insufficient assets to pay them, the Trustee shall pay the costs of administration of the Settlor's probate estate, and the estate and inheritance taxes, as may be attributable in each case, to the inclusion of the trust property hereunder in his estate for estate tax purposes.

C.    Upon the death of the survivor Douglas J. Stavros, the Trustee shall divide the then remaining Trust property into two shares; one (1) share consisting of 75% for Nicholas Stavros and one (1) share consisting of 25% for Jocelyn Stavros, or if either predecease the Settlor, their issue by right of representation, and shall then pay over to each such beneficiary said beneficiary's share, upon such beneficiary's written request. Provided, however, that if a beneficiary is under the age of twenty-five (25) years, the Trustee shall hold and use such share for the beneficiary's benefit, including so much of the income of said share as the Trustee determines to

1

be appropriate for the beneficiary's reasonable comfort, support, health and education. Upon such beneficiary reaching the age of twenty-five (25) years, the Trustee shall pay all the principal and any accumulated income to said beneficiary upon his or her written request.

D.    The whole or any part of the income or principal payable hereunder to any minor or to any other beneficiary, including the Settlor, who in the opinion of the Trustee is incapacitated through illness, age or other cause, may be held by the Trustee, IN TRUST, nevertheless, and applied by the Trustee in the Trustee's sole discretion for such beneficiary's comfort, health, welfare, support and education during the period of such incapacity. Any such application may be made at such time and in such manner as the Trustee deems advisable, whether by direct payment of such expense or by payment to such beneficiary personally, or by payment to a person selected by the Trustee to receive payment for such beneficiary, or by payment to any legally appointed guardian or conservator of such beneficiary or by payment to any relative or friend of such beneficiary for such beneficiary's comfort, health, welfare, support and education; and in each case the receipt of such person to whom payment is made for entrusted shall be a complete discharge of the Trustee in respect thereof.

E.    Notwithstanding the provisions hereinabove made as to the payment of income and principal under the terms of this Trust, if any of the shares established hereunder has not been distributed in full within the period ending twenty-one (21) years after the death of the survivor of Douglas J. Stavros and their issue living on the date that this instrument is executed, the remaining principal and undistributed income of any such share or shares shall be distributed at the end of said twenty-one (21) year period to the beneficiaries entitled thereto as if said beneficiaries had reached the age otherwise required for final and total distribution of said shares, and thereupon this Trust shall terminate;

ARTICLE II: Succession of Trustees.  Upon the disability or death of the original Trustee then Dianna Marie Stavros shall serve as successor Trustee. In the event that said Dianna Marie Stavros is unable or ceases to serve as successor Trustee a disinterested Trustee shall be appointed by the Trust beneficiary or by a majority of the Trust beneficiaries or their legal representatives, as the case may be, then eligible to receive distributions of income. Any Trustee may resign at any time upon giving thirty (30) days written notice to the income beneficiaries hereunder.

ARTICLE III:  Trustee Powers.  In addition to the powers conferred on the Trustee by law, the Trustee shall have the power: to retain as an investment the trust property received hereunder; to sell and convey the trust property for such price and upon

such terms as in the Trustee's judgement may be deemed in the best interest of the Trust and the beneficiaries; to execute and deliver contracts, assignments, leases, loans or other instruments in connection with this Trust; to borrow money for any Trust purpose and to pledge or mortgage Trust property to secure any such borrowing or, at the direction of the Settlor, to pledge or encumber trust property to secure the Settlor's debt; to invest and reinvest the trust property in securities or investments of any kind, in the name of the Trustee or of a nominee with or without disclosure of fiduciary capacity, without regard to diversification; to delegate the right to sign checks and to have access to safe deposit boxes on behalf of the Trust; to undertake any acts and execute any documents which in the sole discretion of the Trustee are necessary or appropriate to the administration of the Trust.

A copy of this instrument and of the writings, if any, attached to it, certified by a notary public, or a corrected copy of this instrument purporting to incorporate all textual amendments to date and certified by a notary public, may be relied on by any person as fully as the original documents themselves; and any certificate by anyone whom such original documents or such certified copies indicate to be a Trustee shall be evidence of the facts therein stated, including statements as to the appointment and status as Trustee of the person executing the certificate, and any person dealing with such apparent Trustee may rely on any such certificate dated not more than three months before presentation.

ARTICLE IV: Accounting. After the death of the Settlor, the Trustee shall render an annual accounting to the income beneficiaries of the Trust or to their legal representatives. Such account shall be deemed approved unless within thirty (30) days after it is rendered written objection is filed with the Trustee.

ARTICLE V: Third Parties. No person dealing with the Trustee shall be under any obligation to inquire as to the propriety of any action or omission by the Trustee, and shall be conclusively protected in assuming without further inquiry that any action by the Trustee is valid and duly authorized hereunder.

ARTICLE VI: Spendthrift Provision. The interest of a beneficiary in this Trust may not be transferred, assigned alienated or encumbered by the beneficiary, and shall not be subject to attachment or claims of creditors.

3

ARTICLE VII: Revocation. The Settlor shall have the right at any time to amend, modify or revoke this Trust by notifying the Trustee in writing.

ARTICLE VIII: Real Estate. At any time when this Trust holds title to real property, this Trust or a copy hereof shall be recorded with the appropriate Registry of Deeds (or Registry District of the Land Court) and all amendments of this Trust or resignations or appointments of Trustees or other instruments of the Trust which might affect the title to said real property, or copies thereof, shall also be recorded with said Registry of Deeds (or Registry District). A certificate by the Settlor or by any Trustee hereof as to any facts relating to this Trust shall be conclusive evidence of such facts as of date of the certificate in favor or any part dealing with the Trust property or with the Trustee.

Any agreement, lease, deed, mortgage or other instrument executed by any person who, according to the records of any Registry in which this Trust is recorded, appears to be the Trustee or one of the Trustees hereunder shall, as the date of this instrument, be conclusive evidence in favor of every person relying thereon or claiming thereunder that, at the time of the delivery thereof, this Trust was in full force and effect and that the execution and delivery thereof by the said Trustee on behalf of the Trust was duly authorized.

No purchaser or lender shall be under any obligation to see to the application of any purchase money or of any money or property loaned or delivered to any Trustee or to see that the terms and conditions of this Trust have been complied with.

IN WITNESS WHEREOF, Douglas J. Stavros as Settlor, and Douglas J. Stavros, as Trustee, has hereunto set his hand and seal.

SETTLOR:

Douglas J. Stavros

TRUSTEE:

Douglas J. Stavros

4

## COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.

On this _24 th_ day of _September_, 2004, before me, the undersigned notary public, personally appeared Douglas J. Stavros, proved to me through satisfactory evidence of identification, which were driver's license, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.

NOTARY PUBLIC

My Commission Expires: _Feb. 16, 2007_

5



2004 00074593
Bk: 17918 Pg: 264   Page: 1 of 2
Recorded: 10/05/2004 09:50 AM

*29 Mount Joy Drive, Tewksbury*

### QUITCLAIM DEED

I, Douglas J. Stavros of 218 River Street, Ashland, NH, for consideration paid, and in full consideration of One ($1.00) Dollar, grant to Douglas J. Stavros, Trustee of The Douglas J. Stavros Revocable Trust, Certificate of Trust, recorded herewith and prior hereto, with QUITCLAIM COVENANTS

The land in Tewksbury, Middlesex County, Massachusetts, with the buildings thereon, situated on the Westerly side of Mr. Joy Drive (Ext.), containing 1 acre of land, and being shown as Lot 2 on a plan of land entitled "Mount Joy Acres Tewksbury, Mass." Dated February, 1987, revised May 1987, Merrimack Engineering Services, Andover, Mass., and recorded with Middlesex North District Registry of Deeds in Plan Book 160, Plan 15, and thus bounded:

EASTERLY        by Mt. Joy Drive (Ext.) as shown on said plan one hundred fifty and 00/100 (150) feet;

SOUTHERLY       by Lot 3 as shown on said plan two hundred sixty-seven and 04/100 (267.04) feet;

WESTERLY        by land now or formerly of Residential Construction, Inc. one hundred twenty seven and 58/100 (127.58) feet;

NORTHWESTERLY by a stone wall and land now or formerly of Duquette and land now or formerly of Bigold seventy one and 29/100 (71.29) feet;

NORTHERLY       by Lot 1 as shown on said plan two hundred eighty six and 16/100 (286.16) feet;

WAYNE R PASTEL, ESQ.
6 COURTHOUSE LANE
CHELMSFORD, MA 01824

*Box 222*

Be said contents and any or all of said measurements more or less and however otherwise said premises may be measured, bounded or described.

Being the same premises conveyed to Douglas J. Stavros by deed of Bruno E. Matson and Helen R. Matson dated February 2, 1992 and recorded in Middlesex North District Registry of Deeds Book 5836, Page 221

No title search was requested and none was performed.

Witness my hand and seal this 24th day of September, 2004

_____
Douglas J. Stavros

## COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.

On this 24th day of September, 2004, before me, the undersigned notary public, personally appeared Douglas J. Stavros, proved to me through satisfactory evidence of identification, which were drivers license, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.

_____
Notary Public

My Commission Expires: February 16, 2007

**END OF DOCUMENT**

EXHIBIT "C"

## NOTICE TO QUIT

By this notice, The Douglas J. Stavros Irrevocable Trust ("the Trust"), the owner and title holder of the house and property at 29 Mount Joy Drive, Tewksbury, MA 01876, hereby gives notice to Kristin Stavros that she is occupying the premises without the permission or consent of the Trust and that she is to vacate the premises on or before September 1, 2005.

Dianna Marie Stavros
Trustee, the Douglas J. Stavros
Irrevocable Trust, by her Attorney
Michael L. Altman

Date: July 28, 2005

## Commonwealth of Massachusetts
### The Trial Court

**MIDDLESEX** Division        **Probate and Family Court Department**        Docket No.05E-0109

### Summons And - Order Of Notice - Restraining Order

Kristin B. Stavros, as natural ___ , Plaintiff
guardian and next friend of Jocelyn Stavros, a minor and beneficiary
                              v.    of The Douglas J. Stavros Revocable Trust
Dianna M. Stavros, individually dated September 24, 2004
_____ , Defendant

and as Trustee of The Douglas J. Stavros Revocable Trust
To the above named Defendant:
                                        dated September 24, 2004

You are hereby summoned and required to serve upon _Alisa L. HAcker, Esq._____ ,
plaintiff's attorney, whose address is Burns & Levinson, LLP 125 Summer Street, Boston, MA 02110
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon
you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief
demanded in the complaint. You are also required to file your answer to the complaint in the office of the Register
of this Court at _Cambridge_____
either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the
plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that, pursuant to Rule 65, application has been made in said action, as appears in
the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house
at _Cambridge_____ on the _23rd_____ day of _August_____ , ~~19~~ 2005 ,
_8:30_____ o'clock A.M., at which you may appear and show cause why such application should
not be granted.

In the meantime, until such hearing, WE COMMAND YOU, said Dianna M. Stavros_____
and your agents, attorneys and counsellors, and each and every one of them, to desist and refrain from

_____
_____
_____
_____
_____
_____
_____

Witness, ~~Sheila E. McGovern~~    **Robert W. Langlois**    **ACTING** Esquire, First Justice of said Court at
Cambridge
this _____22nd_____ day of _____August_____ ~~19~~ 2005 .

_John R. Buonomo_
Register of Probate

CJ-D 212 (1/89)

COMMONWEALTH OF MASSACHUSETTS

**PROBATE COURT**

Middlesex      ss.

No. 05E-0109

Kristin B. Stavros, as natural Guardian and next friend of Jocelyn Stavros a minor and a beneficiary of The Douglas J. Stavros Revocable Trust , **Plaintiff**

**v.**

Dianna M. Stavros, individually and as Trustee of The Douglas J. Stavros Revocable Trust, dated Sept 24, 2004 , **Defendant**

~~TEMPORARY RESTRAINING ORDER~~ PRELIMINARY INJUNCTION

     This cause came on to be heard on plaintiff's motion for (preliminary injunction) ~~(temporary restraining order)~~ and the court having considered the verified complaint, ~~the affidavits submitted in support of said motion~~ and it appearing to the court after due deliberation that the defendant is committing or threatens to commit the acts set forth below, to the irreparable injury of the plaintiff it is ORDERED that the defendant, her agents, servants, employees and attorneys and all persons in active concert and participation with ~~him~~ be and they hereby are restrained and enjoined until _____ ~~or until~~ such time as there has been a judicial determination of this action from

1) Seeking to evict the plaintiff and the minor child in a Summary process action or otherwise;

2) Selling, conveying, transferring, encumbering, gifting or otherwise hypothecating legal or equitable title to the real estate known and numbered as 29 Mount Joy Drive, Tewksbury, Ma. 01876

provided that the plaintiff unless otherwise exempted by Rule 65 or order of Court, first give security in the sum of $ \_\_\_\_\_ waived _____ for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined, such bond to be approved by the court.

_____August 23, 2005_____
Date

*Edward F. Donnelly Jr.*
Judge of Probate Court

CJ 421

**Commonwealth of Massachusetts**
**The Trial Court**
**Probate and Family Court Department**

__MIDDLESEX__ Division

Docket No. 05E-0109

Kristin B. Stavros, as natural _____, Plaintiff
guardian and next friend of Jocelyn Stavros, a minor and beneficiary
                              v.        of The Douglas J. Stavros Revocable Trust
                                        dated September 24, 2004
Dianna M. Stavros, individually, Defendant
and as Trustee of The Douglas J. Stavros Revocable Trust
                              dated September 24, 2004

## Summons And - Order Of Notice - Restraining Order

### Return Of Service

I certify under the penalties of perjury that on ____August 23rd____ , ~~X~~ 2005

I served a copy of the within summons, order of notice and restraining orders, together with a copy of the complaint in this action, upon the within-named defendant by ____EXPRESS mail,____ return receipt requested.

Date __8/23/2005__

Signature ____Alvin J Harber____

NOTES:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX, ss                                          DOCKET NO.: 05E-

|  |  |
|---|---|
| KRISTIN B. STAVROS, as natural guardian and next friend of JOCELYN STAVROS, a minor and a beneficiary of THE DOUGLAS J STAVROS REVOCABLE TRUST, dated September 24, 2004 *Plaintiff,* | ) ) ) ) ) ) |
| v. | ) ) |
| DIANNA M. STAVROS, individually and as Trustee of THE DOUGLAS J STAVROS REVOCABLE TRUST, dated September 24, 2004 *Defendant.* | ) ) ) ) |

**MOTION FOR**

**SHORT ORDER**

**OF NOTICE**

Now comes the Plaintiff, Kristin B. Stavros, mother of and as natural guardian and next friend of Jocelyn Stavros, a minor and a beneficiary of The Douglas J. Stavros Revocable Trust, dated September 24, 2004, and respectfully requests that this Honorable Court allow short order of notice regarding her Motion for a Preliminary Injunction.

In support of this motion, Kristin states that Dianna M. Stavros' Petition for Special Administration for the Estate of Douglas J. Stavros, Docket No., 05P-1467, is presently noticed for hearing on Tuesday, August 23, 2005. Kristin states that her Motion for a Preliminary Injunction should be heard on that same date, as it involves facts and circumstances all arising out of the administration of the same Estate and Trust, consequently it is in the interests of judicial economy to hear both matters together. In addition, Dianna served a Notice to Quit by September 1, 2005, attempting to remove Kristin and the settlor's/decedent's five-year daughter, Jocelyn from their home. Kristin and Jocelyn have no place else to go should Dianna move forward in a summary process action.

Wherefore, Plaintiff respectfully requests that this Court allow short order of notice of hearing on her Motion for Preliminary Injunction.

Plaintiff,
KRISTIN B. STAVROS,
as natural guardian and next friend of
JOCELYN STAVROS, a beneficiary of
The Douglas J. Stavros Revocable Trust

By her attorneys,

Brian D. Bixby, BBO#044140
Alisa L. Hacker, BBO#655050
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
617-345-3000

Middlesex, SS _AUG 2 2 2005_
The Above Motion Is Hereby
Allowed - ~~Denied~~
_Edward F. Donnelly, Jr._
Justice of Probate
_to be heard_
_8/23/05 at 8:30 AM_

Dated: August 19, 2005

_Filed: August 22, 2005_

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

MIDDLESEX, ss

DOCKET NO.: 05E- *0109*

)
KRISTIN B. STAVROS, as natural guardian and )
next friend of JOCELYN STAVROS, a minor and )
a beneficiary of THE DOUGLAS J STAVROS )
REVOCABLE TRUST, dated September 24, 2004 )
    *Plaintiff,* )
)
v. )
)
DIANNA M. STAVROS, individually and as )
Trustee of THE DOUGLAS J STAVROS )
REVOCABLE TRUST, dated September 24, 2004 )
    *Defendant.* )
)

Middlesex, SS AUG **2 3** 2005
The Above Motion Is Hereby
Allowed - Denied
*Edward F. Donnelly, Jr.*
Justice of Probate

## MOTION FOR PRELIMINARY INJUNCTION

Now comes the Plaintiff, Kristin B. Stavros, mother of, and as natural guardian and next friend of Jocelyn Stavros, a minor and a beneficiary of The Douglas J. Stavros Revocable Trust, dated September 24, 2004, and respectfully moves that this Honorable Court enter a preliminary injunction as requested under paragraph 1 of the Prayer for Relief in the Verified Equity Complaint filed herewith, to enjoin and restrain Dianna M. Stavros from taking any action purportedly as successor Trustee of The Douglas J. Stavros Revocable Trust, more specifically, from taking any action moving forward on a summary process action seeking to evict Kristin B. Stavros from the property located at 29 Mount Joy Drive, Tewksbury, Massachusetts, and thereby effectively evicting Kristin and Doug's five-year old daughter, Jocelyn from her home, and to waive security, pursuant to Mass. R. Civ. P. 65(a), (c) for the reasons stated in the Verified Equity Complaint.

Plaintiff,
KRISTIN B. STAVROS,
as natural guardian and next friend of
JOCELYN STAVROS, a beneficiary of
The Douglas J. Stavros Revocable Trust

By her attorneys,

Brian D. Bixby, BBO#044140
Alisa L. Hacker, BBO#655050
BURNS & LEVINSON LLP
125 Summer Street
Dated: August 19, 2005                Boston, MA 02110
617-345-3000

Filed: August 22, 2005

13

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only) _Kristin B. Stavros v. Dianna M. Stavros_

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

    ☐   I.      160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐   Ⓘ.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    ☐   III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ☐   IV.     220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ☐   V.      150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _n/a_

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                    YES ☐        NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                                    YES ☐        NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                    YES ☐        NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                    YES ☐        NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                                    YES ☒        NO ☐

    A.      If yes, in which division do all of the non-governmental parties reside?

            Eastern Division  ☒            Central Division  ☐            Western Division  ☐

    B.      If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
            residing in Massachusetts reside?

            Eastern Division  ☐            Central Division  ☐            Western Division  ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                                    YES ☐        NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  ___Michael L. Altman___
ADDRESS  ___100 Franklin Street, Boston, MA 02110___
TELEPHONE NO.  ___617-742-2772___

(CategoryForm.wpd - 5/2/05)

℁JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

(b) County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Kennebunk, Maine**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Alisa Hacker
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 345-3401

Attorneys (If Known) Michael L. Altman / Jo Ann Citron
Altman & Citron LLP
100 Franklin Street   (617) 742-2772
Boston, MA 02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

☐ 2  U.S. Government Defendant

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C §§ 1332 and 1441

Brief description of cause:
Plaintiff seeks recision of a trust, removal of trustee and revocation of deed

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE  9/1/05

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____