UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:  05-11809-DPW

|  |  |
|---|---|
| KRISTIN B. STAVROS, as Guardian of JOCELYN STAVROS, a minor and a beneficiary of THE DOUGLAS J STAVROS REVOCABLE TRUST, dated September 24, 2004<br>*Plaintiff*,<br><br>v.<br><br>DIANNA M. STAVROS, individually and as Trustee of THE DOUGLAS J STAVROS REVOCABLE TRUST, dated September 24, 2004<br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

NOW COMES the Plaintiff, Kristin B. Stavros, the Guardian of Jocelyn Stavros (beneficiary of The Douglas J. Stavros Revocable Trust) and widow of Douglas J. Stavros, and, pursuant to 29 U.S.C. §1447(c) and to the Colorado River abstention doctrine, hereby moves this Honorable Court to remand the instant action to the Trial Court of the Commonwealth of Massachusetts, Probate and Family Court Department, Middlesex Division.  As grounds for this Motion, Plaintiff asserts the Middlesex Probate and Family Court is indisputably the appropriate forum for interpretation of the facts and application of Massachusetts trust and estate and domestic relations law at issue.

In further support, Plaintiff states as follows:

(1) This case belongs in the Middlesex Probate and Family Court, where one judge can address all personal and real property at issue in this case and in its companion case, Estate of Douglas J. Stavros, Middlesex Probate and Family Court Docket No. 05P-1467-EP1.  Under the Colorado River abstention doctrine, federal courts may decline to exercise otherwise valid jurisdiction in deference to a parallel state court action for reasons of sound judicial administration.  Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976).

Defendant/Trustee's only basis for federal court jurisdiction is her personal residence in Maine. The Trust *res* is located in Tewksbury, Middlesex County, Massachusetts. There is no logical reason or any benefit to litigating this case in federal court; in fact, Defendant/Trustee's removal is nothing short of continued harassment of a grieving widow and her five-year old daughter shortly after attempting to evict them; and a misuse of the sound principles ordinarily required for diversity jurisdiction.

(2)     There are six pertinent factors to the Colorado River analysis: (i) whether either court has assumed jurisdiction over a res; (ii) the inconvenience of the federal forum; (iii) the desirability of avoiding piecemeal litigation; (iv) the order in which the forums obtained jurisdiction; (v) whether federal law or state law controls; and (vi) whether the state forum will adequately protect the interests of the parties. Currie v. Group Insurance Commission, 290 F.3d 1, 10 (1st Cir. 2002).

> (i)     This Court has not assumed jurisdiction over a *res* in this case. In April 2005, the Middlesex Probate and Family Court assumed jurisdiction over the property at issue in a companion case, the Estate of Douglas J. Stavros, which is presently pending in that Court. Plaintiff has filed a Motion to Consolidate the Estate and this case in Middlesex. There is no conceivable benefit to any party for one piece of the dispute to be heard in federal court rather than consolidated as a whole in Middlesex.
>
> (ii)    The Middlesex Probate and Family Court is the appropriate forum for adjudication of this case. Probate and Family courts of the Commonwealth of Massachusetts are uniquely suited to consider matters of trusts, wills, estates, and domestic relations matters; presided over by judges who apply Massachusetts' arcane trust and estate and domestic relations law to pending cases day-in, day-out. There is no inconvenience to Defendant/Trustee in litigating this case in Middlesex county across the river in Cambridge, where she already consented to jurisdiction in the Estate case and where she looks to be appointed as Executor, versus federal court in Boston.
>
> (iii)   To litigate all pending issues in two separate court systems would be piecemeal justice for all parties, as this case's companion case, the Estate of Douglas J. Stravros, is presently pending in Middlesex.
>
> (iv)    Defendant/Trustee submitted herself to the jurisdiction of the Massachusetts state court when she filed her petition for probate of Douglas J. Stavros' Last Will and Testament and Appointment of Resident Agent form, and again when she sought and obtained an appointment as Special Administratrix of

the Estate with the special authority to sell certain items of the decedent's personal property in September, 2005. Plaintiff filed this case as an Equity Complaint in Middlesex in August, 2005.

(v)   This case and the Estate case pending in Middlesex involve a commonality of the same parties. The underlying claims in both cases arise from the same facts and documents at issue, which include, but are not limited to: certain Deeds, Trusts, and a Will allegedly executed by Douglas J. Stavros on or about September 24, 2004. The two actions involve common questions of Massachusetts law and fact, specifically as to the validity of the aforementioned testamentary and trust instruments. Judicial economy calls for all related matters to be addressed in one court.

(vi)   The Middlesex Probate and Family Court will adequately protect the interests of all parties, and in fact may better protect the interests of Jocelyn, the minor beneficiary of The Douglas J. Stavros Revocable Trust as the probate and family court routinely addresses cases involving trust law, estate, domestic relations law, and special issues of minors' rights therein.

(3)   Federal courts may also consider "the plaintiff's motivation for bringing the federal case," or the vexatious or reactive nature of the federal lawsuit. Paul Revere Variable Annuity Ins. Co. v. Thomas, 66 F. Supp. 2d 217, 220 (D. Mass. 1990), aff'd on other grounds, 226 F.3d 15 (1st Cir. 2000). In the instant case, Defendant/Trustee filed her Notice of Removal in direct retaliation for Plaintiff's obtaining a preliminary injunction restraining Defendant/Trustee from evicting Plaintiff and her minor daughter, Jocelyn, from their home after Defendant/Trustee served a Notice to Quit on Plaintiff in July, 2005.

**WHEREFORE**, Plaintiff, Kristin B. Stavros, Guardian of Jocelyn Stavros, prays that this Honorable Court:

(I)   Remand this case to the Trial Court of the Commonwealth of Massachusetts, Trial Court, Probate and Family Court Department, Middlesex Division;

(II)   Award Kristin B. Stavros, Guardian of Jocelyn Stavros, all of her costs, expenses, and reasonable attorney's fees she incurs in connection with this Motion; and

(III)   Grant Kristin B. Stavros, Guardian of Jocelyn Stavros, such other and further relief that this Court deems to be just and proper.

|  |  |
|---|---|
|  | Plaintiff,<br>KRISTIN B. STAVROS,<br>Guardian of JOCELYN STAVROS,<br>a beneficiary of<br>The Douglas J. Stavros Revocable Trust |
|  | By her attorney, |
|  | **/s/ Brian D. Bixby**<br>Brian D. Bixby, BBO#044140<br>BURNS & LEVINSON LLP<br>125 Summer Street |
| Dated:  September 28, 2005 | Boston, MA  02110<br>617-345-3000 telephone<br>617-345-3299 facsimile<br>bbixby@burnslev.com |

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I hereby certify that on September 26, 2005, I conferred with counsel for Defendant, Jo Ann Citron, Esq., in a good faith effort to narrow areas of dispute related to this motion.

Dated:  September 28, 2005          **/s/ Brian D. Bixby**
                                                        Brian D. Bixby

00958667.DOC