UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11809-DPW

| | |
|---|---|
| KRISTIN B. STAVROS, <br> as natural guardian and next friend of <br> JOCEYLYN STAVROS, a minor and beneficiary of <br> THE DOUGLAS J STAVROS <br> REVOCABLE TRUST, dated September 24, 2004, <br>     *Plaintiff* <br> <br> v. <br> <br> DIANNA M. STAVROS, individually and as <br> Trustee of THE DOUGLAS J STAVROS <br> REVOCABLE TRUST, dated September 24, 2004 <br>     *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**Memorandum in Opposition to Plaintiff's Motion to Remand to State Court**

Defendant Dianna M. Stavros ("Defendant"), submits this memorandum in opposition to Plaintiff Kristin B. Stavros's ("Plaintiff") Motion to Remand to State Court ("Motion"). In further opposition to the Motion, Defendant has submitted the Affidavit of Michael L. Altman.

Pursuant to 28 U.S.C. §§ 1332(a) and 1441 the United States District Court for the District of Massachusetts has clear jurisdiction over this matter. Defendant has a right to invoke diversity jurisdiction and federal courts have a "virtually unflagging obligation…to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States,* 96 S.Ct. 1236 at 1246-1247 (1976). The facts alleged in the Motion to Remand fail to establish the "exceptional circumstances" necessary to justify this Court's refusal to exercise its jurisdiction and order a remand to state court. *Id.* at 1246. Moreover, this Court should disregard Plaintiff's emotional and

1

conclusionary arguments, which are unsupported by an accompanying memorandum or an affidavit of facts in violation of Local Rule 7.1(B)(1).

The case before this Court is an action seeking rescission of a trust and removal of the trustee. It was originally filed in the Probate and Family Court of Middlesex County, Massachusetts ("Probate Court") on August 22, 2005. Notice of Removal to the United States District Court for the District of Massachusetts was timely filed on August 29, 2005. As stated in the Notice of Removal, the Plaintiff is now and at the time the action was commenced a citizen of the Commonwealth of Massachusetts. The Defendant is now and was at the time the action was commenced a citizen of the State of Maine. Plaintiff has not asserted that Defendant is a citizen of the state in which the action was brought. The Notice of Removal indicates the amount in controversy exceeds $75,000. As required by 28 U.S.C. § 1446(d) Defendant served written Notice of Removal to the Plaintiff and the Probate Court on September 16, 2005. Pursuant to 28 U.S.C. §1332(a) the United States District Court for the District of Massachusetts has clear jurisdiction over this matter.

In accordance with 28 U.S.C. §1446(d) jurisdiction lies solely with the federal court once the removal requirements are met. Any subsequent action by the state court is considered void. *Davis v. Davis*, 229 S.E.2d 847 (1976) (voluntary nonsuit ostensibly granted to wife in divorce action after husband had successfully removed to federal court was void). Nonetheless, after receiving the Notice of Removal, Plaintiff filed a Motion to Consolidate in the Probate Court in direct disregard of applicable law. Plaintiff's Motion to Consolidate was improperly filed and her contention that it should have any bearing on this court is therefore surprising.

2

A "heavy presumption favoring the exercise of jurisdiction" attaches once federal jurisdiction is established. *Currie v. Group Insurance Commission,* 290 F.3d 1 at 10 (1st Cir. 2002). Only in rare and "extraordinary circumstances" should the federal court decline to exercise its jurisdiction. *Id*. Despite these well settled principles, Plaintiff contends this Court should deny Defendant her right to be heard in federal court merely because an action involving the same parties, though different issues, is pending before the state court.[1] However, the *Colorado River* abstention doctrine, the basis on which the Plaintiff rests her Motion to Remand, is applicable only in the rare circumstances where "considerations of wise judicial administration" permit the federal court to surrender jurisdiction to a state court. *Colorado River* 96 S.Ct. 1236 at 1246.

In determining if any such "exceptional circumstances" exist and outweigh the "heavy burden favoring jurisdiction" the Court may consider seven factors articulated under the *Colorado River* doctrine. *Currie v. Group Insurance Commission,* 290 F.3d 1, 10 (1st Cir.2002). The factors include: (1) assumption by either court of jurisdiction over a *res* or property; (2) convenience to the parties of one forum over the other; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal or state law provides the rule of decision on the merits.; (6) the adequacy of the state forum to protect the parties; and (7) the vexatious or reactive nature of the federal lawsuit. *Id.; Paul Revere Variable Annuity Insurance Company v. Thomas*, 66 F.Supp.2d 217 at 220 (D.Mass. 1999).

Contrary to Plaintiff's assertions, the first factor does not favor remand in this case. Neither this Court nor the Probate Court have assumed jurisdiction over the property at issue in this case. The action currently before the state court, The Estate of

---

[1] Affidavit of Michael L. Altman, No. 11.

3

Douglas J. Stavros, involves property to be distributed under the testator's will. The Trust *res,* which is at issue in the current case, includes cash and a home in Tewksbury, Massachusetts. The property held by the trust is not mentioned in Douglas J. Stavros's will and is distinct and independent from the property at issue in the Probate Court.[2] See *Giardina v Fontana,* 733 F.2d 1047 (1984) (district court erred in declining to exercise its otherwise properly invoked diversity jurisdiction where claim of undue influence and fraud in inducing assignment of interest could be severed from trust administration in state court, no special state expertise was necessary and no exceptional circumstances existed warranting abstention).

Similarly the second and fourth factors have little bearing on this case given the close proximity of the state and federal courts and the relatively early stages of both the state and federal actions. While the state action was filed first, the order in which jurisdiction was obtained, "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Currie,* 290 F.3d 1 at 10 (1st Cir. 2002). The case before the Probate Court has not progressed to such a degree as to make complete jurisdiction in the Commonwealth necessary. Thus, these factors place the state court in no better position than the federal court to hear this claim.

Justification for the denial of federal jurisdiction requires more than the existence of a parallel state action. *Paul Revere* at 5 ("A federal lawsuit should not be dismissed in deference to state litigation simply because two courts would be deciding the same issue."). A court should avoid piecemeal litigation, the third factor to be considered under the *Colorado Doctrine,* only when special complications arise as opposed to the

---

[2] See Affidavit of Michael L. Altman, attached.

4

"inefficiency as results merely from a duplication of effort." *Burns v. Watler,* 931 F.2d 140 at 146 (1st Cir. 1991) (state law negligence case did not create the "special complications" necessitating avoidance of piecemeal litigation); compare, *Liberty Mutual Ins. Co. v. Foremost-McKesson, Inc.*, 751 F.2d 475, 477 (1st Cir. 1985.) (where differing interpretations of insurance contract in state and federal court could leave insured without sufficient coverage after years of paying premiums, court found special complication existed). This Court's adjudication of the allegations of undue influence and incapacity in the creation of a Trust, which involves property held independent of the estate currently before the state court, does not create the potential for contradictory outcomes. Clearly, the current case does not present the "special complications" necessary to warrant surrender of federal jurisdiction. *Burns,* 931 F.2d 140 at 146 quoting *Gonzalez,* 926 F.2d at 495 ("The rationale for denial of federal jurisdiction due to piecemeal litigation 'should focus on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora, not on the mere possibility of duplication'").

      The fifth factor under the *Colorado River* doctrine, whether state or federal law controls, deserves little attention by this Court. Although state law controls, this would be true of any action before the Court on the basis of diversity jurisdiction. *Burns* at 147. Allegations of undue influence and incapacity in the creation of a trust involve well-settled principles of law routinely presented in federal diversity jurisdiction actions before this Court. "Courts generally have agreed that rare circumstances exist only when a case presents 'complex questions of state law that would best be resolved by a state court.'" *Currie,* 290 F.3d 1 at 11 quoting *Villa Marina Yacht Sales, Inc. v. Hatteras*

5

*Yachts,* 915 F.2d 7 at 15 (1st Cir. 1990). An action alleging incapacity and undue influence in creation of a trust and request for removal of a trustee involve "neither a 'controlling or obscure question of state law,' nor require special state expertise." *Giardina* at 1051 quoting, *Beach v. Rome Trust Co.,* 269 F.2d 367 (2nd Cir. 1959).

Moreover, whether the state court can properly protect the parties, the sixth factor, should have no bearing on the Court's determination of Plaintiff's motion. This factor is applicable only in the rare situation where a court may not adequately adjudicate the claims. *Burns,* at 147; *Rojas –Hernandez v. Puerto Rico Electric Power Authority,* 925 F.2d 492 at 495 (1st Cir. 1991). Such circumstances are not present in the current action.

Finally, Plaintiff maintains this Court should consider the Defendant's motivation in removing the current action to federal court. However, Plaintiff's reliance on this factor is misplaced. Consideration of the "vexatious or contrived nature of the federal claim as part of the *Colorado River* analysis" has occurred in circumstances where a party concurrently files actions in both federal and state court hoping to take advantage of whichever court provides the most favorable outcome. *Burns* at 147. The current situation does not involve such issues. The Defendant gave Notice of Removal to federal court a mere seven days after this complaint was filed. The removal was timely and within Defendant's rights in accordance with 28 U.S.C. §§1332 and 1441. Plaintiff's bald assertions regarding the Defendant's motivation for removing this case to federal court are: (a) untrue and (b) unsupported by affidavit or evidence. Even if Plaintiff's accusations regarding Defendant's motivation for removal were true, they would not rise to the level of "vexatiousness" necessitating remand to state court. *Revere* 66 F.Supp. 2d 217 at 223 (D. Mass 1999). Thus, the seventh and final factor in the *Colorado River*

doctrine fails to establish the "exceptional circumstances" necessary to justify surrender of federal jurisdiction. *Currie, 290 F.3d 1 (1st Cir. 2002).*

Weighing the *Colorado River* factors against the "heavy presumption favoring the exercise of jurisdiction" this Court should DENY Plaintiff's Motion to Remand. *Id.* "Only the clearest of justifications will warrant dismissal." *Colorado River* at 1246. Defendant has a right to invoke diversity jurisdiction and Plaintiff has failed to demonstrate such "exceptional circumstances" necessary to justify remand to state court.

WHEREFORE, Defendant Dianna M. Stavros, hereby requests that this Court DENY Plaintiff's Motion to Remand to State Court and award Dianna M. Stavros all of her costs, expenses and reasonable attorney's fees she incurs in connection with this Motion and such further relief that this Court deems to be just and proper.

    Respectfully submitted,
    DIANNA M. STAVROS
    By her attorneys,

    /s/ Michael Altman
    Michael Altman BBO # 16800
    Jo Ann Citron BBO # 561164
    Altman & Citron LLP
    100 Franklin Street
    Boston, MA 02110
    617 742-2772

Date: October 12, 2005